Dat, J.
 

 This controversy involves four paramount questions, to-wit: (1) Was there clear and convincing proof of a mutual mistake between the parties to the deed from the Frates to Rimenik and Mendluwitz? (2) Was the deed from the Frates to the Fazios tantamount to a conveyance of that which the Frates had theretofore conveyed, and was such transaction so permeated with fraud, in contemplation of law, as to justify its - being held void? (3) Had the statute of limitations run in favor of G-iovannine Fazio at the time she was made party to this action? (4) Was there error in the Court of'Appeals decreeing the joint driveway?
 

 It is well settled in this state that, to justify relief in an action for the reformation of a deed on the grounds of mutual mistake of parties, the evidence must be clear and convincing; a mere preponderance is not sufficient, and no reformation can be granted that does not conform to the inten
 
 *18
 
 tion of both parties.
 
 Stewart
 
 v.
 
 Gordon,
 
 60 Ohio St., 170, 53 N. E., 797.
 

 It is equally well settled that this court will not generally consider the mere weight of the evidence; but, where the law requires in a particular case a higher quality and quantity of evidence than is sufficient in ordinary cases to support the judgment by the preponderance of the proof, this court will consider whether the court applied the proper rule of proof and the evidence attains to that higher degree of probative value to constitute clear and convincing proof.
 
 Cole
 
 v.
 
 McClure,
 
 88 Ohio St., 1, 102 N. E., 264;
 
 Ford
 
 v.
 
 Osborne,
 
 45 Ohio St., 1, 12 N. E., 526;
 
 Potter
 
 v.
 
 Potter, Exrx.,
 
 27 Ohio St., 84.
 

 We appreciate the difficulties encountered by the Court of Appeals and the court of common pleas in determining the issues herein, for the reason that the plaintiffs and defendants spoke different native languages, and when it became necessary to express themselves in the common English tongue the record indicates they were not entirely successful and were laboring under difficulties, both in understanding questions and in answering them; and it further appears that their ability to read and write the English language was limited. Most of their negotiations and transactions were carried on by third parties and agents, so that it is not surprising that some mistakes occurred.
 

 We think as between the Prates and Rimenik and Mendluwitz the parties fully intended to convey the 5-foot strip; that the view of the premises, and the acceptance of the line of the fence and other landmarks, such as the cement driveway between
 
 *19
 
 the two houses, and the right to the joint use of the driveway, pointed out by the Frates’ agent, Tael, really determined the amount of land purchased and conveyed and the extent of the property rights. The deed afterward prepared by third parties, new agents of the respective parties, from memoranda submitted, did not truly express the contract of purchase.
 

 As above indicated, there was among the parties little knowledge of the English language and a very limited ability to read and write the same. Of course, the testimony is highly conflicting and many contradictions occur in the record, especially in the testimony taken before the commissioner on the appeal in the Court of Appeals and the testimony of the same witnesses before the trial judge in the court of common pleas, a transcript of which testimony was used in the Court of Appeals.
 

 The real question then becomes, Does this record indicate that a lesser degree of proof was applied by the Court of Appeals than the law requires?
 

 We are not unmindful of the fact that the trial judge in the first instance, the court of common pleas, heard these same witnesses, observed their demeanor, and had the great advantage of personally listening to their testimony, and he reached the same conclusion as did the Court of Appeals. Thus, four judges have weighed this testimony and reached a common conclusion. May we say this conclusion was reached upon a preponderance of the evidence only? There are many circumstances disclosed by the record other than the mere spoken word of the witness that might aid in reaching a conclusion, such as the conduct of the parties them
 
 *20
 
 selves, and all of those facts and circumstances which aid in reaching the conclusion as to the truth between conflicting claims. Taking the entire record, and all that is disclosed thereby, we cannot say that the Court of Appeals reached its conclusion upon the preponderance of the evidence only.
 

 The rule declared in
 
 Clayton
 
 v. Freet, 10 Ohio St., 544, is applicable here. In the opinion, at page 545, it is said:
 

 “As to the character of evidence required to show the mistake, it is undoubtedly the rule that it must be clear and convincing. How far evidence should be satisfactory to the mind of a court called upon to decide is necessarily a question of degree, and must depend, to some extent, upon the character of the judicial minds of the judges sitting in the case. * * * The question in this, as in other cases, is not how we would decide the case upon the evidence, but whether there be error in the decision of the court below. We feel some doubt in this case whether, as the court of original jurisdiction, we should have held that the evidence was as clear and convincing as the rule might require, but it is the conviction of our minds that the intention of the parties was as found by the district court, and we do not think a doubt as to the degree of clearness will entitle us to reverse their decision. ’ ’
 

 Second, the sale of the 5-foot strip to the Fazios by the Frates, after what had taken place between the Frates and Rimenik and Mendluwitz, was tantamount to a sale by Frate of that which he did not own; and its conveyance, under the circum
 
 *21
 
 stances disclosed by this record, justified the conclusion reached by the Court of Appeals, to-wit, that the same was null and void and of no effect whatever.
 

 Third, as to the question of the statute of limitations, raised on behalf of Giovannine Fazio: She was made party on December 31, 1924, and such rights as she has in the premises relate to her interest in the 5-foot strip. The evidence is conflicting as to just when the Fazios advised the defendants in error of their ownership of the strip of land in question. However, the deed for the same, received by the Fazios from the Frates, was recorded on February 14, 1922, and the record discloses that, after having received his deed from the recorder, Fazio made demand of the defendants in error to remove the fence from the 5-foot strip. If within the statutory period of four years from this date action was begun against Giovannine Fazio by the defendants in error, we are of opinion that she cannot complain upon the grounds of the statute of limitations.
 

 The remaining question is the granting of a right of way for the occupants of both properties, as described in the journal entry of the Court of Appeals.
 

 The cement road appears to have been made by Frate between the two houses and was used from the time the common owner, Frate, sold to the Fazios; and after the sale by Frate to Eimenik and Mendluwitz all parties continued to use the driveway as a partnership way, as it was called, for general purposes, such as putting coal into the respective properties, and by Fazio in getting back
 
 *22
 
 to his garage. The right to use this- easement was first seriously questioned by Fazio after he had recorded his deed for the 5-foot strip from Frate, in 1922, which incident led to the present controversy. The record shows, however, that prior to this date there was some talk between Fazio and Eimenik relative to the purchase of the Fazio property by Eimenik, this talk occurring a month or two after Eimenik and Mendluwitz had purchased, and some reference seems to have been made then by Fazio, as follows: “This ain’t a partnership drive.” But the conversation clearly related to the purchase of the Fazio property rather than to any denial of the right of the use of the easement. It is apparent that when Frate sold to Fazio the parties regarded and used the common driveway as though it were an incident to the property and an appurtenance thereto. Doubtless it was fully intended by the deed to pass as described in the deed, to-wit, “with the appurtenances thereof.”
 

 That Frate proposed to preserve this right of way and means of ingress and egress to his property is evidenced further by his reservation of the 5-foot strip, which forms a part of the land over which the way in question exists. When Eimenik and Mendluwitz bought from Frate, the latter’s agent, Tael, pointed out the driveway as a partnership or common way for the use of both houses, and the record clearly shows it was so used by all parties as an incident to the enjoyment of their respective properties down to 1922, when the present controversy started.
 

 The Court of Appeals took the view that under such circumstances the driveway was an appurten
 
 *23
 
 anee to each of the properties, for the equal benefit of both parties, for Fazio and for Rimenik and Mendliiwitz, as well. The case falls within the principle announced in
 
 National Exchange Bank
 
 v.
 
 Cunningham,
 
 46 Ohio St., 575, 22 N. E., 924, the judge saying in the opinion, at page 587 (22 N. E., 929):
 

 “It is a well-settled doctrine of the law of easements that, where there are no restrictive words in the grant, the conveyance of the land will pass to the grantee all those apparent and continuous easements which have been used, and are at the time of the grant used by the owner of the entirety for the benefit of the parcel granted, and also all that appear to belong to it, as between it and the property which the vendor retains; and hence, when the owner of an entire estate makes one part of it visibly dependent for the means of access upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee, as accessorial to the beneficial use and enjoyment of the land.”
 

 Also in
 
 Baker
 
 v.
 
 Rice,
 
 56 Ohio St., 463, the court saying, at page 475, 47 N. E., 653, 655: “We think the law well settled in this state, whatever the decisions may be in some of the others, and they are far from being in harmony, that, where an estate is divided as was this one, each takes his part, subject to or benefited by such burdens as were openly and plainly attached to or imposed on it by the common owner in his use and enjoy-
 
 *24
 
 meat of the land at the time of the severance, and which on a severance would properly be termed easements or servitudes.”
 

 It was held in
 
 Scott
 
 v.
 
 Moore,
 
 98 Va., 668, 37 S. E., 342, 81 Am. St. Rep., 749: “If the owner of two adjacent lots sells both lots at the same time to different purchasers, each grant carries all the apparent and continuous easements which are necessary for the reasonable use of the property granted, and which have been or are at the time of the grant used by the grantor for the benefit of such property. * * * A purchaser is presumed to have contracted with reference to the condition of the property at the time of the purchase. If the condition of the premises shows plainly and unmistakably that an alley-way over the premises purchased has been used, was in use, and was intended for the use of the owner or occupant of an adjacent lot, the purchaser will take, subject to the rights of the adjacent owner or occupant.”
 

 See, also, 9 Ruling Case Law, Section 60, p. 804; 8 Ruling Case Law, Section 125, p. 1070; 1 Thompson on Real Property, p. 379, Section 297.
 

 Careful examination of this record convinces us that, while the evidence is highly conflicting, the conclusion of the Court of Appeals is the just one between these parties, and its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones and Kinkade, JJ., concur.