THE STATE OF OHIO, APPELLEE, v. SNYDER, APPELLANT.[*]

(No. 8101—Decided March 12, 1956.)

Mr. C. Watson Hover, prosecuting attorney, and Mr. Calvin W. Prem, for appellee.

Mr. Albert Spievack and Mr. Robert G. McIntosh, for appellant.

Per Curiam. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County. The defendant was convicted of the crime of perjury, and duly sentenced.

The charge of perjury arose out of litigation in the Municipal Court of Cincinnati, in which one Lee Wilson was plaintiff, and the defendant herein, Snyder, was defendant. Wilson sued Snyder to recover money claimed to be due him for services as a real estate broker. Snyder produced a contract in his defense to the action, which contract he claimed Wilson had executed, and which constituted a complete defense to the claims of Wilson. The trial judge so considered the contract and gave Snyder judgment. Wilson claimed that he had not executed the contract, knew nothing about it, his signature thereon was a forgery and he had never heard of it until it was presented as a defense to his claims.

In the indictment against Snyder, it is charged that:

"Harry F. Snyder on or about the Twenty-ninth day of June in the year nineteen hundred and fifty-four at the county of Hamilton and state of Ohio, aforesaid, did appear as a witness in a case between Lee Wilson and Harry F. Snyder, being heard before the Municipal Court of Cincinnati, Ohio, said court having jurisdiction of said cause, and committed perjury by

---

*Motion for leave to appeal overruled, October 10, 1956. Appeal dismissed, 165 Ohio St., 511.

testifying on oath lawfully administered as follows: that Lee Wilson had brought two copies of an agreement to said Harry F. Snyder and signed said agreement in the said Harry F. Snyder's presence, said testimony being material to said cause, and being false in the following respects: in that said Lee Wilson did not bring said agreement to the said Harry F. Snyder, and did not sign said agreement * * *.''

The indictment is, at least, subject to criticism, in that it is charged the defendant testified (1) that Wilson brought two copies of the agreement to him and (2) that Wilson signed same in his presence. In the negation clause it is stated Wilson (1) did not bring *said agreement* to Snyder and (2) did not sign such agreement. There is no negation of the charge that the instrument was signed in Snyder's presence. This defect becomes important, since much of the agreement is directed to an answer Snyder made on the stand. He was asked, ''Did he sign his name in your presence?'' His answer was, ''In my presence.'' The defendant asserts that this was an interrogatory. The state claims it was an affirmative statement. The stenographer who took the testimony at the trial in the Municipal Court stated that if it had been a question she would have followed the words with a question mark, which was not found in the bill of exceptions.

The defendant asserts that he never claimed that Wilson signed in his presence, but that Wilson brought the copies already executed to him. One of the witnesses to the instrument denied having seen either party sign the instrument. The other testified she saw Snyder sign it, but Wilson's signature was on the contract, and she did not see him sign. She testified further that Wilson requested her to witness their signatures. Both witnesses were or had been employees of the defendant, operating as The Gem Floral Company.

The question of perjury, therefore, comes down to the issues—did Wilson bring two copies of the instrument to Snyder? Did Wilson sign the instrument?

Section 2945.62, Revised Code, provides:

''Perjury must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances.''

Section 2945.04, Revised Code, provides:

''A defendant in a criminal action is presumed to be inno-

cent until he is proved guilty of the crime charged, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he shall be acquitted. This presumption of innocence places upon the state the burden of proving him guilty beyond reasonable doubt.

"Reasonable doubt is defined as follows: 'It is not a mere possible doubt, because everything relating to human affairs or depending upon moral evidence is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.'

"In charging a jury the trial court shall state the meaning of presumption of innocence, and read said definition of reasonable doubt."

Now, bearing in mind the implication of these sections of the Revised Code, the evidence produced at the trial of the defendant, under the charge of perjury as stated in the indictment, is considered, bearing in mind, however, the limitation of such charge noted *supra*. Part of such evidence has been heretofore mentioned. In addition to that so considered, there is that of Wilson, who denied having executed the instrument or having requested the witnesses thereon to sign as such. Wilson's evidence amounts to a categorical denial of the defendant's statement that Wilson brought the copies of the instrument to him containing his signature, and that the contract was ever executed by him or was a contract between the parties.

In addition there was the evidence of the two handwriting experts, one stating Wilson's signature on the instrument was a forgery, the other, for the defense, that it corresponded to other admitted signatures of Wilson.

Motive of the defendant was shown by his interest in escaping the claims of Wilson advanced in the suit in the Municipal Court.

It is the conclusion of the court that the evidence submitted at the trial falls far short of the requirements stated in the sections of the Revised Code hereinbefore quoted. However, regardless of the strength of the defense, it is impossible to say there is no evidence to support the valid charges in the indict-

ment. Even if this court were in doubt as to whether the required degree of proof had been presented, it would be required to remand for a new trial. *Cooper* v. *State,* 121 Ohio St., 562, 170 N. E., 355. The court is not in doubt upon this point. It is its conclusion that, as said before, the requirements of neither statute were met.

Again referring to the perjury statute, a trial involving a prosecution for the crime of perjury involves evidence of a larger scope than that applicable to the ordinary criminal prosecution. Here we have the affirmation and denial of the prosecuting witness and the defendant, the former being to a certain extent supported by the testimony of the state's expert witness on handwriting, the latter by the testimony of the expert on handwriting, testifying for the defendant, and that of at least one witness to the instrument. The testimony of these experts in effect neutralizes each other. Such being the case, we are left with the positive testimony of the defendant and one witness to the instrument that it was duly presented and acknowledged by Wilson.

The "surrounding circumstances," if there be any exclusive of the testimony herein considered, are all in favor of the defendant.

We consider that the charge was not proved by the testimony of *two* witnesses within the meaning and sense of Section 2945.62, Revised Code.

It may not be out of place to state here that charges such as are here involved should be scanned with a careful eye. Otherwise, every law suit involving a written instrument could result in a prosecution for perjury. One party asserts the validity of such instrument; the other denies. The unsuccessful party immediately resorts to a prosecution of the other for perjury. The Legislature not only relied upon the "reasonable doubt" statute, but, recognizing the seriousness of the consequences of such prosecutions, has required even more in the "perjury statute."

So finding, we consider that the judgment of the Court of Common Pleas must be, and hereby is, reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.