DECISION AND JOURNAL ENTRY
These causes were heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant/cross-appellee, Osborne, Inc., appeals the order of the Medina County Court of Common Pleas that ordered the reformation of the deed from Osborne, Inc. to Defendant-appellee/cross-appellant, Medina Supply Company, so as to eliminate the northern extension of Osborne's easement over the land owned by Medina Supply. Medina Supply has appealed the same order on the basis that the deed should have been reformed to eliminate the entire easement. We affirm in part and reverse in part.
In 1983, Medina Supply leased a 3.7045 acre parcel of land in Brunswick, Ohio (hereafter referred to as Parcel One) from Osborne. At the time this lease was executed by the parties, an option agreement for the purchase of this property was also executed. In both of these documents the parties agreed to the reservation of an easement for ingress and egress fifty feet wide and two hundred and seventy-five feet long over the southern portion of Parcel One. In 1986, Medina Supply and Osborne entered into a second lease agreement for the 1.2440 acre property located directly south of Parcel One (hereafter referred to as Parcel Two). An option to purchase was also executed at this time for Parcel Two. Neither of the documents executed with regard to Parcel Two reserved any type of easement to Osborne over any portion of Parcel Two. However, the lease and option agreements for Parcel Two contained language obligating Medina Supply to provide one half of the concrete required to extend the Industrial Parkway which runs along the Western side of Parcel One, parallel to the easement on Parcel One. This extension would have given Osborne access to the Industrial Parkway from the land Osborne owns south of Parcel Two.
In 1989, Medina Supply exercised its options to purchase both parcels of land from Osborne. While separate deeds were originally drafted to transfer the properties, due to a directive from the City of Brunswick, the parcels were combined into one parcel of 4.9485 acres for the transfer. The final deed contained a reservation of an ingress and egress easement to Osborne that was fifty feet wide and ran the entire length of the property. The easement included in the deed extended the easement originally contemplated and agreed upon in the original lease and option agreements for Parcel One by adding both a northern and southern extension to the easement. The deed was recorded in Medina County on February 28, 1990. A copy of the recorded deed was subsequently sent to Medina Supply.
On March 12, 1995, counsel for Osborne sent a letter to Medina Supply and indicated that Osborne intended to begin utilizing the easement reserved in the deed. Medina Supply prohibited Osborne from utilizing the easement by refusing to remove materials stockpiled in the path of the easement. On August 31, 1995, Osborne filed a complaint regarding Medina Supply's obstruction of the easement. Following a plethora of motions, multiple hearings, and a bench trial, the trial court vacated the northern extension of the easement but upheld the validity of the remainder of the easement including the original easement contained in the lease and option agreements for Parcel One and the southern extension of the easement which extended the easement over the length of Parcel Two. Each party separately appealed.[1] Osborne has raised one assignment of error for review and Medina Supply has raised three assignments of error for review. They will be addressed concurrently for ease of discussion.
OSBORNE'S ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law in granting a partial reformation of the deed in this matter.
MEDINA SUPPLY'S ASSIGNMENT OF ERROR I
 The trial court erred when it failed to invalidate the southern extension of the easement.
MEDINA SUPPLY'S ASSIGNMENT OF ERROR II
 The trial court erred when it applied the doctrine of merger to deny Medina Supply Company relief from an easement that contradicts the language of the contracts it entered into with Osborne, Inc.
MEDINA SUPPLY'S ASSIGNMENT OF ERROR III
 The trial court erred when it found the easement, minus the northern extension thereof, valid.
 Reformation "is an equitable remedy whereby a court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties." Mason v. Swartz (1991), 76 Ohio App.3d 43, 50, citing Greenfield v. Aetna Cas. Sur. Co. (1944), 75 Ohio App. 122, 128. "The purpose of reformation is to cause an instrument to express the intent of the parties as to the contents thereof * * *." Delfino v. Paul Davies Chevrolet, Inc. (1965), 2 Ohio St.2d 282, 286, citing 47 Ohio Jurisprudence 2d 120, Reformation of Instruments, Section 2.
In order to reform a deed upon the ground of mutual mistake of the parties thereto, the proof of such mutual mistake must be clear and convincing. Stewart v. Gordon (1899), 60 Ohio St. 170, paragraph one of the syllabus. A mere preponderance of the evidence is insufficient to warrant the reformation of the deed.Id. This court will not generally evaluate the weight of the evidence. See Frate v. Rimenik (1926) 115 Ohio St. 11, paragraph one of the syllabus. However, "where the law requires * * * a higher quality and quantity of evidence than is sufficient in ordinary cases," we will consider whether the trial court applied the appropriate burden of proof. Id. at 18. A reformation of a deed cannot be granted if it does not conform to the intention of both parties. Stewart v. Gordon, 60 Ohio St. at paragraph two of the syllabus.
In an action for reformation, parol evidence may be used to discern the intentions of the parties. Clayton v. Freet (1860),10 Ohio St. 545, 546; Kevern v. Kevern (1917), 11 Ohio App. 391,394. Additionally,
 the mere fact that the parties at the time of trial testify differently as to what their agreement was does not necessarily mean that there was no agreement between them, nor does it necessarily mean that they were not mutually mistaken concerning the expression of their agreement in the instrument; in this respect, it has been pointed out that if the fact alone that the parties testify differently at the trial would prevent a finding that there was an agreement between the parties, a court could never determine whether there was a contract in a lawsuit where the parties disagree and testify differently.
Castle v. Daniels (1984), 16 Ohio App.3d 209, 212, quoting 13 Ohio Jurisprudence 3d (1979) 363, Cancellation, etc., of Instruments, Section 76. Therefore, in an action for reformation of a deed, "credible testimony concerning the conduct of the parties, any course of dealing between them, and the method of handling the specific transaction in question are entitled to great weight in determining the ultimate facts surrounding the agreement." Castlev. Daniels, 16 Ohio App.3d at 212.
In this case, testimony at trial disclosed the following facts. The parties originally contracted for a lease and option agreement for Parcel One which contained an easement over a southwestern portion of Parcel One. The parties later agreed to a lease and option agreement for Parcel Two which contained no easement language, but provided for an arrangement through which Medina Supply and Osborne would work jointly to provide access to the Osborne land through an extension of the Industrial Parkway. These four documents spelled out the proposed transactions and all agreements that were entered into pertaining to the properties when sold. They further included language that there were no other outside or verbal agreements with respect to the sale of the properties. These documents were signed and agreed to by both parties.
Following notification by Medina Supply of its intention to exercise its options, Osborne drafted and recorded a deed for the properties conveying ownership to Medina Supply. This deed included an easement over the entire length of the property, thereby extending the agreed upon easement by adding both a northern and southern extension, with absolutely no prior written authorization for such extensions by Medina Supply. Medina did not sign the deed as they were the Grantee, and furthermore, they did not receive a copy of the deed for review until after it was recorded. A representative of Medina Supply testified that while no one at the company reviewed the deed upon receiving it, the company believed that the deed had been drafted to reflect the agreements encapsulated in the leases and option agreements and that it did not become aware of the discrepancy until Osborne's notification five years later of their intentions to begin utilizing the easement contained in the deed.
Mr. Osborne, the President of Osborne, Inc. and the current owner of the property, testified that he would not have landlocked his property by failing to provide an ingress and egress easement over the entire length of the properties. However, if the Industrial Parkway had proceeded as intended the land would not have been landlocked. Furthermore, evidence demonstrated that Osborne had entered into an agreement with the City of Brunswick to take action to extend the Industrial Parkway and provide access to his property from this public road. Therefore, based upon the written agreements between the parties, the testimony at trial, and the conduct of the parties, the evidence supports by clear and convincing evidence a finding that a mutual mistake had occurred in the description of the easement in the land conveyance to Medina Supply in 1990.
Osborne has argued that the merger of deeds doctrine has barred review of the leases and option agreements in conjunction with the determination of the existence of an easement. We do not believe the doctrine of merger is applicable in the instant case. The doctrine of "merger by deed" holds that whenever a deed is delivered and accepted "without qualification" pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. See, 80 Ohio Jurisprudence 3d (1988) 91, 93, Real Property Sales and Exchanges, Sections 58-59. The purchaser is limited to the express covenants of the deed only. Id. In this case, Medina Supply does not seek to enforce the lease and option agreements that were previously entered into by the parties. Rather, the documents are offered as proof of the parties' intentions regarding the creation of an easement. The documents serve merely as parol evidence of the mutual mistake of the parties with regard to the boundaries of the easement. Therefore, the merger of deeds doctrine is inapplicable in the current case.
Because the evidence adduced at trial established that the parties only agreed to an easement over a portion of Parcel One as described in the lease and option agreement for Parcel One, clear and convincing evidence was given of a mutual mistake by the parties when the northern and southern extensions of the easement were included in the deed. Therefore, the deed should have been reformed to maintain only the portion of the easement agreed to by the parties in the lease and option agreement.
Medina Supply's assignments of error are sustained and Osborne's assignment of error is overruled. Accordingly, the trial court's decision to eliminate the northern extension of the easement is hereby affirmed. The trial court's decision to maintain the southern extension of the easement over the length of Parcel Two is unsupported by the evidence and is hereby reversed. The deed shall be reformed to include an easement only as set forth in the original lease and option agreement.
Judgment affirmed in part and reversed in part
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J. and MAHONEY, J. CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] This court subsequently consolidated the appeals suasponte.