OPINION
{¶ 1} In 1996, Susan VanSickle, aka Susan Case, together with her husband, Steven Case, secured a loan through appellee, American General Financial Services. Collateral for the loan was property owned by Ms. Case's stepfather, Hugh Mann. Mr. Mann's wife is Ms. Case's mother, Shan Mann. On December 16, 1996, the Manns purportedly executed a quitclaim deed transferring their interest in the subject property to the Cases.
 {¶ 2} On March 21, 2002, appellee filed a complaint in foreclosure based upon the Cases' failure to pay on the loan. Appellee named the Cases, the Manns, unnamed tenants and the Delaware County Treasurer. On October 30, 2002, appellee moved for summary judgment with respect to the Manns. By judgment entry filed January 10, 2003, the trial court granted said motion.
 {¶ 3} A motion for default judgment for failure to answer against the Cases was granted on January 31, 2003. On same date, the trial court ordered foreclosure of the property.
 {¶ 4} The Manns filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 II {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT, IN THE ABSENCE OF FRAUD, AMENDMENTS TO REVISED CODE SECTION 5301.01 RENDERED THE ALLEGEDLY DEFECTIVE DEED PRESUMPTIVELY VALID."
 III {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT THE APPELLANTS MANN WERE NOT ENTITLED TO ESTABLISH FRAUD BY THE APPELLEE."
 IV {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT THE APPELLANTS MANN WERE FORECLOSED FROM CLAIMING THAT A PAPER THEY SIGNED WAS SUBSEQUENTLY ALTERED INTO A QUITCLAIM DEED BY EMPLOYEES AND AGENTS FOR THE APPELLEE."
 V {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING THAT THE APPELLANTS MANN COULD NOT CLAIM THAT THE TRANSFER OF LAND BY QUITCLAIM DEED WAS THE RESULT OF MUTUAL MISTAKE."
 VI {¶ 10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY TAKING ISSUE WITH THE DEPOSITION TESTIMONY OF APPELLANTS."
 {¶ 11} The Manns challenge the trial court's granting of summary judgment to appellee and upholding the validity of the quitclaim deed to the Cases.
 {¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Because our standard of review is de novo, we will discuss the issues under this standard.
 {¶ 15} The Manns claim there are genuine issues of material fact in question and therefore summary judgment was not appropriate. Under summary judgment, we must construe the facts most favorably for the non-moving party. Using this standard, we find the following facts construed for the Manns:
 {¶ 16} 1) Mr. Mann did not read the documents presented to him. H. Mann depo. at 23. He believed the documents were all part of his pledge to put his property up as collateral for the loan to the Cases. Id. at 12.
 {¶ 17} 2) Mr. Mann knew his personal mortgage on the property was paid off when the loan documents were signed, and that a mortgage was placed on the property. Id. at 14-15, 27-28.
 {¶ 18} 3) Mrs. Mann understood the property was going to be used as collateral for the loan to the Cases. S. Mann depo. at 12.
 {¶ 19} 4) Neither Mann specifically read any of the documents. H. Mann depo. at 23; S. Mann depo. at 13-14.
 {¶ 20} 5) The Manns identified the signatures on the quitclaim deed as their respective signatures. H. Mann depo. at 21; S. Mann depo. at 15, 17.
 {¶ 21} 6) Mrs. Mann specifically remembers Plaintiff's Exhibit 1 that purports to be the quitclaim deed, but states it was a "big blank paper with a little bit in the middle." S. Mann depo. at 15-16.
 {¶ 22} 7) Mr. Mann states he signed a blank paper, but admits "it had writing up in it." H. Mann depo. at 22-23. It could have been the quitclaim deed, he "never just realized that it was." Id. at 38.
 {¶ 23} 8) The Manns never saw the notary, Doris Ross-Pickens, or the notarization of their respective signatures, nor heard the explanation by Ms. Ross-Pickens that the document they were signing was a quitclaim deed. H. Mann depo. at 22-23, 25; S. Mann depo. at 18.
 {¶ 24} 9) The Manns remember appellee's representative, Terri Turner, telling them they could sell a portion of the property that they quitclaimed away. H. Mann depo. at 18; S. Mann depo. at 24.
 {¶ 25} 10) Neither Mann saw a Steve Postel in the office during the signing of the documents. H. Mann depo. at 24; S. Mann depo. at 23.
 {¶ 26} In opposition to these facts we are required to accept as true, appellee presents the witnessed, notarized quitclaim deed, and Ms. Ross-Pickens's affidavit wherein she states she specifically informed the Manns the instrument was a quitclaim deed, they signed the document in her presence and she informed them the document transferred ownership of the property to the Cases. There is no verification by appellee that Steve Postel was in the office during the signing of the documents.
 {¶ 27} With these facts in reference, we will address the assignments of error.
 I {¶ 28} In their first assignment of error, the Manns claim the trial court erred in granting summary judgment to appellee as genuine issues of material fact exist, namely, the issues addressed in the remaining assignments of error. Therefore, we will review the issues and rule on this assignment at the conclusion of the opinion.
 II {¶ 29} The Manns claim the quitclaim deed is unenforceable and void because it failed to meet the requirements of R.C. 5301.01 and R.C.147.53. Specifically, appellants argue the deed was witnessed by only one person and was not properly notarized.
 {¶ 30} The quitclaim deed was signed on December 16, 1996. At that time, R.C. 5301.01 mandated the signing of a deed "shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settlor and trustee, in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation." In February 2002, the statute was amended, deleting the requirement for two witnesses. Furthermore, subsection (B) provides the following:
 {¶ 31} "(B)(1) If a deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, lease of any interest in real property, or a memorandum of trust as described in division (A) of section 5301.255 of the Revised Code was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses as required by this section prior to that effective date, both of the following apply:
 {¶ 32} "(a) The instrument is deemed properly executed and is presumed to be valid unless the signature of the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or of the settlor and trustee in the case of a memorandum of trust was obtained by fraud."
 {¶ 33} R.C. 147.53 governs contents of acknowledgment and provides the following:
 {¶ 34} "The person taking an acknowledgment shall certify that:
 {¶ 35} "(A) The person acknowledging appeared before him and acknowledged he executed the instrument;
 {¶ 36} "(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument."
 {¶ 37} The deed evidences the signatures of two witnesses and a notary attestation, both challenged by the Manns. Despite the Manns' various arguments, they acknowledge the signatures on the deed are their respective signatures and they signed the document in whatever form it was in during the signing of the documents. Therefore, we find a specific attack on the deed for failure to conform to the statutory mandates lacks merit.
 {¶ 38} Assignment of Error II is denied.
 III {¶ 39} The Manns claim the trial court erred in finding the defense of fraud was not established. We disagree.
 {¶ 40} Accepting the averments that appellee's agent, Ms. Turner, told the Manns they could sell a portion of the subject property despite the fact it was quitclaimed to another, we must address whether such a statement constitutes fraud. In its judgment entry of January 10, 2003, the trial court reasoned because there was no fiduciary relationship between the Manns and appellee and the representation was a statement of law, no fraud action could be maintained.
 {¶ 41} The elements of fraud are as follows:
 {¶ 42} "(a) a representation or, where there is a duty to disclose, concealment of a fact,
 {¶ 43} "(b) which is material to the cause at hand,
 {¶ 44} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 {¶ 45} "(d) with the intent of misleading another into relying upon it,
 {¶ 46} "(e) justifiable reliance upon the representation or concealment, and
 {¶ 47} "(f) a resulting injury proximately caused by the reliance." Burr v. Stark County Board of Commissioners (1986),23 Ohio St.3d 69, paragraph two of the syllabus, following Cohen v.Lamko, Inc. (1984), 10 Ohio St.3d 167.
 {¶ 48} The Manns argue the statement was made as the quitclaim deed and other documents were being signed and therefore they were fraudulently induced to sign the deed.
 {¶ 49} We find the statement was made after Mr. Mann had signed the quitclaim deed. We reach this conclusion because Mrs. Mann states she heard the statement. S. Mann depo. at 24. Mrs. Mann was late coming to the closing and upon her arrival, Mr. Mann had already signed the documents. Id. at 10. She could not have heard the statement if it was made prior to Mr. Mann's signing of the deed. Further, Mrs. Mann states she signed the documents at the counter before any discussion with Ms. Turner. Id. at 10-11.
 {¶ 50} Upon review, we find no statement from appellee regarding the sale of a portion of the property induced the Manns to sign the quitclaim deed. Further, there is no material issue of fact in dispute. The Manns' sole reason for signing the documents was to help their daughter/stepdaughter. H. Mann depo. at 9, 11-12; S. Mann depo. at 11-12. Their sole inducement was to provide loaned funds to Ms. Case and her husband to set up a business. In fact, their entire knowledge of the transaction was based upon information supplied by Ms. Case.
 {¶ 51} The trial court did not err in finding fraud was not a viable defense.
 {¶ 52} Assignment of Error III is denied.
 IV {¶ 53} The Manns claim the trial court erred in finding the quitclaim deed was not altered rendering it void. We agree in part.
 {¶ 54} From the facts we are required to construe most favorably for the Manns, we find they in fact did sign an incomplete quitclaim deed. Both Manns attest the document was blank save for a little bit of writing in the middle. H. Mann depo. at 22-23; S. Mann depo. at 15-16. Despite Ms. Ross-Pickens's claim in her affidavit, attached to appellee's motion for summary judgment as Exhibit 3, that she told the Manns the document was a quitclaim deed and it transferred ownership, we nonetheless find this averment does not specifically address whether the deed was blank and completed later. We note the legal description of the property is an exhibit to the quitclaim deed as a separate but attached sheet of paper. No one testifies the exhibit was attached during the signing of the documents. Therefore, we find, for summary judgment purposes only, the quitclaim deed was filled in at a later time.
 {¶ 55} However, despite this issue of fact, we find it is not a material issue of fact that defeats the granting of the motion for summary judgment for appellee. The Manns cite no law that supports the conclusion a deed signed knowingly in blank form is invalid. Mr. Mann conceded the document might have been a quitclaim deed. H. Mann depo. at 23. Both Manns admitted they never read the documents. H. Mann depo. at 23; S. Mann depo. at 24. Although the Manns now argue there was no quitclaim deed and Mrs. Mann personally reviewed each document, we disagree the evidence supports these assertions. Mrs. Mann stated "I would move them, sign them and move them so that I could see each paper." S. Mann depo. at 19. She never states she read the documents.
 {¶ 56} Mr. Mann understood appellee was paying off the remaining mortgage on the property ($12,000), in exchange for the loan agreement to the Cases. H. Mann depo. at 14, 27-28. Both Manns were aware if the Cases defaulted on the loan, they would be responsible for it. H. Mann depo. at 14, 16; S. Mann depo. at 23-24.
 {¶ 57} Although the quitclaim deed may very well have been signed without the legal description and virtually in blank, it was signed for the consideration of the mortgage being paid off and the loan given to the Cases. We find the undisputed facts do not cause the law to find the deed is a nullity.
 {¶ 58} Assignment of Error IV is denied.
 V {¶ 59} The Manns claim their signing of the quitclaim deed should be held invalid based upon mutual mistake. We disagree.
 {¶ 60} "The reformation of an instrument is an equitable remedy whereby a court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties. Greenfield v. Aetna Cas. Sur.Co. (1944), 75 Ohio App. 122, 128, 61 N.E.2d 226. Reformation of a contract based on mutual mistake is proper when the parties made the same mistake and understood the contract as the party seeking reformation alleges. Hastings Mutual Insurance Co., v. Warnimont (Feb. 15, 2001), Hancock App. No. 5-2000-22, unreported (citing Snedegar v. MidwesternIndemn. Co. (1988), 44 Ohio App.3d 64, 69, 541 N.E.2d 90.)
 {¶ 61} "Likewise, reformation of a deed is available upon a showing that both parties were mistaken as to what was being conveyed.Stewart v. Gordon (1899), 60 Ohio St. 170, 53 N.E. 797. The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence. Frate v. Rimenik (1926), 115 Ohio St. 11,152 N.E. 14, paragraph one of the syllabus. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118." Music v. Sash Storm, Inc., Allen App. No. 1-01-142,2002-Ohio-1403.
 {¶ 62} Even if the Manns were mistaken as to the reality of the loan transaction, appellee, by the filing and recording of the quitclaim deed, was not mistaken. Therefore, there was no mutuality of mistake.
 {¶ 63} Assignment of Error V is denied.
 VI {¶ 64} The Manns claim the trial court erred in taking issue with their deposition testimony. We disagree.
 {¶ 65} The Manns' argument centers around the alteration of the quitclaim deed. In Assignment of Error IV, we found "for summary judgment purposes only, the quitclaim deed was filled in at a later time." However, we also found "despite this issue of fact, we find it is not a material issue of fact that defeats the granting of the motion for summary judgment for appellee."
 {¶ 66} Assignment of Error VI is denied.
 {¶ 67} Based upon the foregoing, we find the trial court did not err in granting summary judgment to appellee. The first assignment of error is denied.
 {¶ 68} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J., and Gwin, P.J. Hoffman, J. concurs in part and dissents in part.