OPINION
{¶ 1} This is an appeal from a decision of the Fairfield County Court of Common Pleas wherein Appellants sought reformation of a deed to cause elimination of a sixty-foot wide easement and Appellee, by counterclaim, sought correction of the legal description of such easement.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The court denied reformation as requested by Appellants and ordered that the legal description of the easement be corrected.
 {¶ 3} Findings of Fact and Conclusions of Law were submitted and those of Appellee were accepted by the court.
 {¶ 4} Essentially, the facts indicate that the parties entered into an oral agreement whereby Appellee was to purchase a 19.844 tract from Appellants.
 {¶ 5} Appellants had received incorrect information from the Fairfield County Engineer's Office to the effect that an easement for ingress and egress over their adjoining land to Coakly Road was required before approval of the deed to Appellee could be obtained and abandonment of an existing access was also needed.
 {¶ 6} Appellants obtained a survey which incorrectly indicated the North location.
 {¶ 7} At closing, in May, 2001, Appellants' counsel indicated the location of the easement to Appellee but both Appellants and Appellee knew that a sixty-foot wide easement was included in the conveyance.
 {¶ 8} The court found that no mutual mistake occurred, that while Appellants relied on the incorrect information received, Appellee had no involvement with obtaining such information and that both parties acted in good faith.
 {¶ 9} Further, the court determined that the correct location of the easement in accordance with the intention of the parties be accomplished.
 {¶ 10} The Assignment of Error by Appellants is:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN DENYING APPELLANTS THE REFORMATION OF THE SUBJECT DEED BASED ON MUTUAL MISTAKE ON THE GROUNDS THAT:
 {¶ 12} "(a) THE APPELLANTS HAD THE BURDEN OF ASSESSING AND DETERMINING THE ACCURACY OF THE INCORRECT INFORMATION UPON WHICH THE PARTIES RELIED ON CREATING AN EASEMENT;
 {¶ 13} "(b) THE APPELLANTS DID NOT SUBMIT ANY EVIDENCE SHOWING THAT THE APPELLEE WAS IN ANY WAY INVOLVED IN THE CREATION OF THE MISTAKEN INFORMATION OR APPELLANTS' RELIANCE UPON IT; AND
 {¶ 14} "(c) THE MUTUAL MISTAKE DID NOT THWART THE PARTIES' OBJECTIVES, RESULTING IN THE UNJUST ENRICHMENT OF THE APPELLEE."
 {¶ 15} The essential issue as to the Assignment of Error is whether it was established by clear and convincing evidence that a mutual mistake of fact occurred.
 {¶ 16} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118.
 {¶ 17} Of course the party alleging mutual mistake has the burden of establishing such mutual mistake by such high standard of proof. Fratev. Rumenik (1926), 115 Ohio St. 11, 152 N.E. 14.
 {¶ 18} "Reformation of an instrument based on mutual mistake is permitted only where there is clear proof that the parties to the instrument made the same mistake and that both parties understood the instrument as the party seeking reformation alleges it ought to have been. See Snedegar v. Midwestern Indemn. Co. (1988), 44 Ohio App.3d 64,69.
 {¶ 19} The above standard and factual requirement was also referenced by this Court in Dornbirer v. Conrad, (Nov. 20, 2000), Perry App. No. 99-CA-26, in stating:
 {¶ 20} "Reformation of an instrument based on mutual mistake is permitted only where there is clear proof that the parties to the instrument made the same mistake and that both parties understood the instrument as the party seeking reformation alleges it ought to have been. See Snedegar v. Midwestern Indemn. Co. (1988), 44 Ohio App.3d 64,69. The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence. Castle v. Daniels (1984),16 Ohio App.3d 209."
 {¶ 21} Based upon the evidence, we disagree with the sole Assignment of Error and find that the court correctly determined that no mutual mistake authorizing reformation as requested by Appellants.
 {¶ 22} Also, that correcting the easement in accordance with the representations at closing was a proper determination.
 {¶ 23} The judgment of the Fairfield County Court of Common Pleas is affirmed.
Boggins, J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield Court of Common Pleas, Fairfield County, Ohio, is affirmed. Costs to Appellants.