[Cite as *In re S.W.*, 2017-Ohio-807.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: S.W. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | Case No. 2016CA00221 |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil appeal from the Stark County Court of
                                Common Pleas, Case No. 2015JCV01103

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 6, 2017


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRANDON J. WALTENBAUGH                  DAVID L. SMITH
SCDJFS                                  Box 20407
221 Third St. S.E.                      Canton, OH 44701
Canton, OH  44702

*Gwin, P.J.*

{¶1}   Appellant-mother appeals the November 9, 2016 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which terminated her parental rights with respect to her minor child, S.W. (b. Apr. 20, 2015)  and granted permanent custody of the child to appellee, Stark County Department of Jobs and Family Services (hereinafter "SCJFS").

*Facts and Procedural History*

{¶2}   On December 21, 2015, SCJFS filed a complaint alleging the dependency and/or neglect of S.W.  On the same day, the trial court found that probable cause existed for the involvement of SCJFS and placed the child into its emergency temporary custody.

{¶3}   On January 20, 2016, the trial court found S.W. to be a dependent child and placed him into the temporary custody of SCJFS.  The trial court approved and adopted the case plan and found that SCJFS had made reasonable efforts to prevent the need for the continued removal of the child from the home.

{¶4}   On October 3, 2016, SCJFS filed a motion seeking permanent custody of the child.  On November 8, 2016, the trial court heard evidence on the motion seeking permanent custody of S.W.

*Permanent Custody trial*

{¶5}   Caseworker Kristen Sausman testified Mother's case plan consisted of completing a parenting evaluation, mental health treatment, medication compliance, parenting classes, and obtaining appropriate employment and housing.

{¶6}   Although it took her nine months, Mother did eventually complete her parenting evaluation.  In her parenting evaluation, Dr. Aimee Thomas diagnosed Mother

with Post-Traumatic Stress Disorder, Attention Deficit Hyperactivity Disorder, and Features of Reactive Attachment Disorder. In order to address these concerns, Dr. Thomas opined that it was critical for Mother to engage in individual counseling, parenting classes, secure employment and appropriate housing, and take her prescribed medication. Mother did not obtain employment nor did she provide any proof of attempting to obtain employment to her caseworker throughout the case. After residing with multiple paramours and "couch surfing," Mother had only recently obtained housing with a person who had lost permanent custody of multiple children. Mother did not complete mental health counseling nor was she medication complaint. Mother did not complete parenting classes. Mother completed a Quest assessment, which had no recommendations for future services, and all drug screens were negative.

{¶7} Mother testified that she failed to take action on her case plan because she was "focused on men instead of (her) child." T. at 41. Mother admitted to making no effort on her case plan for six months. T. at 45. Mother admitted to not taking medication despite opining that she needed it. T. at 46. Mother claimed that she was now ready to work her case plan. At the time of the Permanent Custody hearing Mother reported that she was not in a relationship. Mother testified that she completed the last portion of a criminal sentence, which was her community service. She performed additional community service to satisfy any fines and costs related to that case. That criminal case was closed approximately six months prior to the Permanent Custody hearing. Mother testified she had been seeking employment for quite some time and had applied at over twenty locations.

{¶8} On November 9, 2016, the trial court issued its findings of fact granting permanent custody of S.W. to SCJFS and terminating Mother's parental rights. Specifically, the trial court found that S.W. could not and should not be placed with Mother at this time, and permanent custody was in S.W.'s best interest. The trial court found that due to Mother's mental health concerns and failure to make significant progress towards completing case plan services, placement of the child with her would place him at risk now and in a reasonably foreseeable time. The Court was unable to find that S.W. could be safely returned to Mother based upon her failure to remedy the problems that led to the removal of the child. The Court further found that she will not remedy these problems within a reasonable period of time. The Court found that this child is bonded with mother; however, the benefits of permanency to S.W. life outweigh the detriments of severing any existing bond. The Court concluded that extending temporary custody of S.W. to allow the parents to work on their case plan is not in the child's best interest. It appears from the evidence that the parents will not be able to remedy the initial problems in this case any time within the foreseeable future.

*Assignments of Error*

{¶9} Mother raises two assignments of error.

{¶10} "I. THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILD CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶11} "II. THE TRIAL COURT'S JUDGMENT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**Burden of Proof**

{¶12} "[T]he right to raise a child is an 'essential' and 'basic' civil right." *In re Murray,* 52 Ohio St.3d 155, 157, 556 N.E.2d 1169(1990), quoting *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551(1972). A parent's interest in the care, custody and management of his or her child is "fundamental." Id.; *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599(1982). The permanent termination of a parent's rights has been described as, "* * * the family law equivalent to the death penalty in a criminal case." *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45(6th Dist. 1991). Therefore, parents "must be afforded every procedural and substantive protection the law allows." Id.

{¶13} An award of permanent custody must be based upon clear and convincing evidence. R.C. 2151.414(B)(1). The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23 (1986).

**Standard of Review**

{¶14} The Ohio Supreme Court has delineated our standard of review as follows,

Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.  See *Ford v. Osborne*, 45 Ohio St. 1, 12 N.E. 526, *Cole v. McClure*, 88 Ohio St. 1, 102 N.E. 264, and *Frate v. Rimenik,* 115 Ohio St. 11, 152 N.E. 14.

*Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954).  A court of appeals will affirm the trial court's findings "if the record contains competent, credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established."  *In re Adkins,* 5th Dist. Nos. 2005AP06–0044 and 2005AP07–0049, 2006-Ohio-431, 2006 WL 242557, ¶17.

{¶15}  In *Cross*, the Supreme Court further cautioned,

The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for resolving disputed facts.  The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself.  Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value.  *Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false.*  See *Rice v. City of Cleveland*, 114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added).

***Requirements for Permanent Custody Awards***

**{¶16}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

**{¶17}** Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;

(b) the child is abandoned;

(c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

**{¶18}** Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

1**. Parental Placement within a Reasonable Time–R.C. 2151.414(B)(1)(a).**

**{¶19}** The court must consider all relevant evidence before determining the child cannot be placed with either parent within a reasonable time or should not be placed with the parents. R.C. 2151 .414(E). The statute also indicates that if the court makes a finding under R.C. 2151.414(E)(1)—(15), the court shall determine the children cannot or should not be placed with the parent. A trial court may base its decision that a child cannot be placed with a parent within a reasonable time or should not be placed with a parent upon the existence of any one of the R.C. 2151.414(E) factors. The existence of

one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time.  *See In re William S.*, 75 Ohio St.3d 95, 1996–Ohio–182, 661 N.E .2d 738; *In re Hurlow*, 4th Dist. Gallia No. 98 CA 6, 1997 WL 701328 (Sept. 21, 1998); *In re Butcher*, 4th Dist. Athens No. 1470, 1991 WL 62145(Apr. 10, 1991).

**{¶20}**  R.C. 2151.414(E) sets forth factors a trial court is to consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents.  Specifically, Section (E) provides, in pertinent part, as follows:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be

placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for changing parental conduct to allow them to resume and maintain parental duties.

\* \* \*

(16) Any other factor the court considers relevant.

**{¶21}** R.C. 2151.414(D) requires the trial court to consider all relevant factors in determining whether the child's best interests would be served by granting the permanent custody motion. These factors include but are not limited to: (1) the interrelationship of the child with others; (2) the wishes of the child; (3) the custodial history of the child; (4) the child's need for a legally secure placement and whether such a placement can be achieved without permanent custody; and (5) whether any of the factors in divisions (E)(7) to (11) apply.

**{¶22}** In this case, the trial court made its permanent custody findings pursuant to R.C. 2151.414(E)(1), (4) and/or (16).

**{¶23}** As set forth above, the trial court's findings are based upon competent credible evidence. The record includes the recommendation of the guardian ad litem for the child, and the testimony of the witnesses at trial. The trial court was in the best position to determine the credibility of the witnesses.

**{¶24}** Mother was homeless, unemployed and preoccupied with her relationships for much of the time during which the case plan was in effect. Mother's current living

arrangement is with an individual who has demonstrated a lack of parental skills.  Mother did not seek to work her program until the motion for permanent custody had been filed.

{¶25}  The evidence demonstrated the successful efforts Mother had made on the case plan.  On that point, the evidence demonstrates that any improvement that Mother has made in her life is tentative and, perhaps, temporary, and that she is at risk of relapse. The trial court found that, regardless of Mother's compliance with aspects of his case plan, she was still not able to be a successful parent to these two children.

{¶26}  In the case of *In re: Summerfield*, 5th Dist. Stark No. 2005CA00139, 2005-Ohio-5523, this court found where, despite marginal compliance with some aspects of the case plan, the exact problems that led to the initial removal remained in existence, a court does not err in finding the child cannot be placed with the parent within a reasonable time.

{¶27}  Based upon the foregoing, as well as the entire record in this case, the Court properly found S.W. could not or should not be returned to Mother within a reasonable time. Despite offering numerous services, Mother was unable to mitigate the concerns that led to the child's removal.

### The Best Interest of the Child

{¶28}  In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need

for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

**{¶29}** The focus of the "best interest" determination is upon the child, not the parent, as R.C. 2151.414(C) specifically prohibits the court from considering the effect a grant of permanent custody would have upon the parents. *In re: Awkal*, 95 Ohio App.3d 309, 315, 642 N.E.2d 424(8th Dist.1994). A finding that it is in the best interest of a child to terminate the parental rights of one parent is not dependent upon the court making a similar finding with respect to the other parent. The trial court would necessarily make a separate determination concerning the best interest of the child with respect to the rights of the mother and the rights of the father.

**{¶30}** The trial court made findings of fact regarding S.W.'s best interest. It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re: Mauzy Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073(Nov. 13, 2000), *quoting In re Awkal*, 95 Ohio App.3d 309, 316, 642 N.E.2d 424(8th Dist. 1994).

**{¶31}** As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA-5758, 1981 WL 6321(Feb. 10, 1982). "Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that

cannot be conveyed to us through the written record, *Miller v. Miller*, 37 Ohio St. 3d 71, 523 N.E.2d 846(1988).

{¶32}   In the present case, the trial court's decision indicates it considered the best interest factors. Upon review of the record, it is clear that the record supports the trial court's finding that granting the motion for permanent custody is in S.W.s' best interest. The trial court concluded the child's need for legally secure placement could not be achieved without awarding permanent custody to SCJFS

{¶33}  The record makes clear that Mother failed to complete the majority of the case plan provided by SCJFS and failed to meet even the basic needs of the child.

{¶34}  Mother failed to maintain stable housing. Mother failed to maintain stable employment. Mother failed to maintain appropriate relationships.  Mother was sporadic with her medications and attempts at her case plan. The record does not demonstrate that if she had been offered different case plan services, or additional time to complete services the result would have been different.

### *Conclusion*

{¶35}  For these reasons, we find that the trial court's determination that Mother had failed to remedy the issues that caused the initial removal and therefore the child could not be placed with her within a reasonable time or should not be placed with her was based upon competent credible evidence and is not against the manifest weight or sufficiency of the evidence. We further find that the trial court's decision that permanent custody to SCJFS was in the child's best interest was based upon competent, credible evidence and is not against the manifest weight or sufficiency of the evidence.

{¶36} Because the evidence in the record supports the trial court's judgment, we overrule Mother's two assignments of error, and affirm the decision of the Stark County Court of Common Pleas, Family Court Division.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur